# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TOM LEE,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-6547** |
| **NACHER CORPORATION, ET AL.,**<br>    **Defendants** | **SECTION: "E" (1)** |

## ORDER AND REASONS

Before the Court is a Motion for Summary Judgment, filed by Defendants Freeport-McMoRan Exploration & Production LLC, McMoRan Exploration Company, and McMoRan Exploration LLC (collectively, "the McMoRan Defendants").[1] Plaintiff opposes.[2] For the reasons that follow, the motion is **GRANTED**. The Court **DENIES AS MOOT** the McMoRan Defendants' motion for summary judgment, filed on August 1, 2018.[3]

## BACKGROUND

Plaintiff alleges that, on or about July 16, 2014, he was injured while working on a structure he refers to as the "McMoran Exploration Oil Rig #251."[4] On July 7, 2017, Plaintiff filed suit against the Nacher Corporation ("Nacher"), which was his employer, and against the McMoRan Defendants, which he alleges own the structure.[5] Plaintiff alleges he was a seaman working on a vessel and asserts causes of action for negligence

---

[1] R. Doc. 63.
[2] On January 23, 2019, Plaintiff filed an untimely motion for leave to file an opposition, R. Doc. 86, and attached an opposition to the McMoRan Defendants' motion, R. Doc. 86-2. The Court granted Plaintiff's motion. R. Doc. 88.
[3] R. Doc. 33. The Court also **DENIES AS MOOT** the McMoRan Defendants' motion for entry of judgment on the instant motion, R. Doc. 81, and motion to expedite consideration of the motion for entry of judgment, R. Doc. 82.
[4] R. Doc. 1 at 3–4.
[5] *Id.*

and negligence per se under the Jones Act, maintenance and cure, lost wages, and unseaworthiness.[6]

On November 13, 2018, the McMoRan Defendants filed the instant motion arguing they cannot be liable because they did not employ Plaintiff, and they do not own the platform on which Plaintiff was allegedly injured.[7] Plaintiff opposes, arguing he worked for one of the McMoRan Defendants and the McMoRan Defendants exercise control over the platform on which Plaintiff was allegedly injured.[8]

On January 24, 2019, the Court granted a motion for summary judgment filed by Nacher.[9] In that order, the Court found there was no genuine issue of material fact that the platform in High Island Block 531-A on which Plaintiff was working at the time of his accident is a stationary platform.[10] The Court also found that, as a matter of law, Plaintiff was not a Jones Act seaman.[11] The Court will not repeat its analysis herein.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[12] "An issue is material if its resolution could affect the outcome of the action."[13] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing

---

[6] *Id.*
[7] R. Doc. 63-1 at 1.
[8] R. Doc. 86-2 at 5.
[9] R. Doc. 90.
[10] *Id.* at 5–6.
[11] *Id.* at 7–10.
[12] FED. R. CIV. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).
[13] *DIRECTV, Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).

the evidence."[14] All reasonable inferences are drawn in favor of the non-moving party.[15] There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party, thus entitling the moving party to judgment as a matter of law.[16]

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." To satisfy Rule 56's burden of production, the moving party must do one of two things: "the moving party may submit affirmative evidence that negates an essential element of the nonmoving party's claim" or "the moving party may demonstrate to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden of production then shifts to the non-moving party to direct the Court's attention to something in the pleadings or other evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[17]

If the dispositive issue is one on which the non-moving party will bear the burden of persuasion at trial, the moving party may satisfy its burden of production by either (1) submitting affirmative evidence that negates an essential element of the non-movant's claim, or (2) affirmatively demonstrating that there is no evidence in the record to

---

[14] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).
[15] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[16] *Hibernia Nat. Bank v. Carner*, 997 F.2d 94, 98 (5th Cir. 1993) (citing *Amoco Prod. Co. v. Horwell Energy, Inc.*, 969 F.2d 146, 147–48 (5th Cir. 1992)).
[17] *Celotex*, 477 U.S. at 322–24.

establish an essential element of the non-movant's claim.[18] If the movant fails to affirmatively show the absence of evidence in the record, its motion for summary judgment must be denied.[19] Thus, the non-moving party may defeat a motion for summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party."[20] "[U]nsubstantiated assertions are not competent summary judgment evidence. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. 'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'"[21]

## LAW AND ANALYSIS

### I. There is no genuine issue of material fact that the McMoRan Defendants did not own the platform on which Plaintiff worked.

The McMoRan Defendants state it is uncontested that they do not own the stationary platform on which Plaintiff was allegedly injured.[22] They attach the results of a Bureau of Ocean Energy Management ("BOEM") Platform Structures Online Query listing McMoRan Oil & Gas LLC as being associated with the platform in High Island Block 531-A on which Plaintiff worked.[23] McMoRan Oil & Gas LLC is not a party to this

---

[18] *Id.* at 331–32 (Brennan, J., dissenting).

[19] *Id.* at 332.

[20] *Id.* at 332–33. The burden would then shift back to the movant to demonstrate the inadequacy of the evidence relied upon by the non-movant. Once attacked, "the burden of production shifts to the nonmoving party, who must either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing the existence of a genuine issue for trial as provided in Rule 56(e), or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)." *Id.* at 332–33, 333 n.3.

[21] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 324; *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) and quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).

[22] R. Doc. 63-2 at 1, ¶ 6.

[23] R. Doc. 63-4. Courts have relied on this database for information about platform structures. *See, e.g.,* *Mata v. Freeport McMoran Inc.*, No. 3:15-CV-00155, 2016 WL 6037237, at *7 n.5 (S.D. Tex. Oct. 14, 2016); *Lewis v. Helmerich & Payne Int'l Drilling Co.*, No. CIV.A. 13-5994, 2015 WL 1040458, at *4 (E.D. La. Mar.

case.[24] The McMoRan Defendants have satisfied their burden of submitting affirmative evidence they did not own the platform on which Plaintiff worked.

Plaintiff argues the McMoRan Defendants have "an interest and control over the platform" on which he worked[25] and disputes the McMoRan Defendants' statement that they do not own the platform.[26] However, he cites only the McMoRan Defendants' exhibits, which are the BOEM online query results listing McMoRan Oil & Gas LLC.[27] This is insufficient to meet his burden of showing a genuine issue of fact as to the ownership of the platform. The Court finds no genuine issue of material fact that the McMoRan Defendants did not own the platform in High Island Block 531-A on which Plaintiff worked.

## II. There is no genuine issue of material fact the McMoRan Defendants did not employ Plaintiff at the time of the alleged accident.

It is undisputed that, on the date of the alleged accident, Plaintiff was employed by Nacher.[28] The McMoRan Defendants state it is also an undisputed fact that they did not employ Plaintiff.[29] In support, they attach answers to interrogatories provided by Plaintiff, in which he states Nacher employed him from May 27, 2014 to July 19, 2014.[30] They also attach a transcript of Plaintiff's deposition, in which Plaintiff states he was "under the control of Nacher" and an "employee of Nacher."[31] The McMoRan Defendants

---

10, 2015) (Fallon, J.); *Firefighters Pension & Relief Fund of City of New Orleans v. Bulmahn*, No. CIV.A. 13-3935, 2014 WL 6638793, at *3 (E.D. La. Nov. 21, 2014) (Vance, J.).

[24] The Court also notes that, in response to Nacher's motion for summary judgment, Plaintiff admitted the platform on which he was allegedly injured was owned by McMoRan Oil & Gas LLC. R. Doc. 35-15 at 3, ¶ 13; R. Doc. 50-7 at 2, ¶ 13.

[25] R. Doc. 86-2 at 5.

[26] R. Doc. 86-3 at 2, ¶ 6.

[27] R. Doc. 50-4 at 2, R. Doc. 50-6 at 2.

[28] R. Doc. 63-2 at 1, ¶ 2. Plaintiff admits this in his opposition to the McMoRan Defendants' previously filed summary judgment motion. R. Doc. 33-2 at 1, ¶ 2; R. Doc. 49-4 at 1, ¶ 2.

[29] R. Doc. 63-1 at 1.

[30] R. Doc. 63-3 at 4.

[31] R. Doc. 63-7 at 5:7–9.

have satisfied their burden of submitting affirmative evidence they did not employ Plaintiff.

Plaintiff disputes this statement and, in support, argues that he "worked for Defendant Freeport McMoran on HI-474" from June 21 to June 27.[32] He presumably means June 21, 2014 to June 27, 2014. There is no "Defendant Freeport McMoran," and as a result, it is unclear to which entity Plaintiff is referring. He points to no evidence in the record to create a genuine issue of material fact as to the identity of his employer. The Court also notes it is undisputed the accident occurred on July 16, 2014,[33] outside the date range that he alleges he worked for Defendant Freeport McMoran. Plaintiff has not met his burden of showing a genuine issue of fact exists as to the identity of his employer.

## III. The McMoRan Defendants are entitled to judgment as a matter of law on all of Plaintiff's claims against them.

### A. Counts 1 and 2

Plaintiff brings Count 1 of his Complaint against the McMoRan Defendants for negligence under the Jones Act.[34] Plaintiff brings Count 2 of his Complaint against the McMoRan Defendants for negligence per se under the Jones Act.[35] "The Jones Act provides a cause of action for 'any seaman' injured 'in the course of his employment.'"[36] The Court has found Plaintiff was not a Jones Act seaman at the time of the alleged accident.[37]

---

[32] R. Doc. 86-2 at 5.
[33] R. Doc. 63-2 at 1, ¶ 1; R. Doc. 86-3 at 1, ¶ 1.
[34] R. Doc. 1 at 3–5.
[35] *Id.*
[36] *Chandris, Inc. v. Latsis*, 515 U.S. 347, 354 (1995) (quoting 46 U.S.C. § 688(a), *subsequently recodified at* 46 U.S.C. § 30104).
[37] R. Doc. 68 at 7–10.

Moreover, "[a] Jones Act claim also requires proof of an employment relationship either with the owner of the vessel or with some other employer who assigns the worker to a task creating a vessel connection."[38] There is no genuine issue of material fact that none of the McMoRan Defendants owned the platform on which Plaintiff worked or employed Plaintiff. Because Plaintiff is not a Jones Act seaman and because the McMoRan Defendants did not employ him, the McMoRan Defendants are entitled to judgment as a matter of law on Plaintiff's Jones Act negligence and negligence per se claims against them.

B.     <u>Count 3</u>

Plaintiff brings a portion of his claims under Count 3 for maintenance and cure under general maritime law.[39] "Only seamen are entitled to the benefits of maintenance and cure [under general maritime law]. The standard for determining seaman status for purposes of maintenance and cure is the same as that established for determining [seaman] status under the Jones Act."[40] Similarly, "[i]n determining who is the employer with respect to liability for maintenance and cure, the same criteria apply as those applicable in determining liability under the Jones Act."[41] Because Plaintiff is not a Jones Act seaman and was not employed by the McMoRan Defendants, the McMoRan Defendants are entitled to judgment as a matter of law on Plaintiff's claim for maintenance and cure under general maritime law in Count 3.

---

[38] *Guidry v. S. Louisiana Contractors, Inc.*, 614 F.2d 447, 452 (5th Cir. 1980).

[39] R. Doc. 1 at 6.

[40] *Hall v. Diamond M Co.*, 732 F.2d 1246, 1248 (5th Cir. 1984); *see also Guevara v. Mar. Overseas Corp.*, 59 F.3d 1496, 1499 (5th Cir. 1995), *abrogated on other grounds by Atl. Sounding Co. v. Townsend*, 557 U.S. 404 (2009).

[41] *Solet v. M/V Capt. H. V. Dufrene*, 303 F. Supp. 980, 987 (E.D. La. 1969); *see also Cordova v. Crowley Marine Servs., Inc.*, No. CIV.A. 02-2880, 2003 WL 21790195, at *6 (E.D. La. Aug. 1, 2003).

Plaintiff also brings a claim for lost wages under general maritime law under Count 3.[42] "Maintenance, cure and unearned wages are available to seamen who fall ill or are injured while in service of a ship."[43] Because Plaintiff is not a seaman, he is not entitled to lost wages under general maritime law. The McMoRan Defendants are entitled to judgment as a matter of law on Plaintiff's claim for lost wages under general maritime law in Count 3.

Plaintiff also brings a claim for unseaworthiness of the vessel under Count 3.[44] A shipowner has an absolute duty to provide a seaworthy vessel.[45] "As a general rule, the vessel owner is the proper defendant for an unseaworthiness claim."[46] There is no genuine dispute of material fact that the McMoRan Defendants did not own the platform.

---

[42] R. Doc. 1 at 6. *See Smith v. Atlas Off-Shore Boat Serv., Inc.*, 653 F.2d 1057, 1060 n.2 (5th Cir. 1981) ("A seaman who has been wrongfully discharged may bring suit for the recovery of wages which he would have earned had the shipping contract been fulfilled.").

[43] *Primozich v. Oczkewicz*, No. C16-82 BJR, 2017 WL 77518, at *6 (W.D. Wash. Jan. 9, 2017) (citation and internal quotations omitted); *see also Gims v. Danos & Curole Marine Contractors, Inc.*, No. CIV.A. 99-185, 1999 WL 983826 (E.D. La. Oct. 28, 1999) (Vance, J.) (entering judgment on claim for lost wages, among others, because the plaintiff was not a seaman); *Alier v. Sea Land Serv., Inc.*, 465 F. Supp. 1106, 1110–11 (D.P.R. 1979) ("These wages, unearned or honorary, as they may be called, are in the nature of maintenance and cure, and it is the ancient duty of the vessel and shipowner to provide the sick and injured seaman with said maintenance and cure and honorary wages from the contract of employment and the particular relationship existing *1111 between the seaman and his vessel."); *cf. Dowdle v. Offshore Exp., Inc.*, 809 F.2d 259, 263 (5th Cir. 1987) ("[T]he seaman's rights to unearned wages are not separable from maintenance and cure."); THOMAS J. SCHOENBAUM, ADMIRALTY AND MARITIME LAW § 6:29 (6th ed. 2018) ("The right to unearned wages is correlative to the right to maintenance and cure; thus the seaman will be awarded all three or none at all.").

[44] R. Doc. 1 at 6.

[45] *Mitchell v. Trawler Racer, Inc.*, 362 U.S. 539, 549 (1960).

[46] *Coakley v. SeaRiver Mar., Inc.*, 319 F. Supp. 2d 712, 715 (E.D. La. 2004), *aff'd,* 143 F. App'x 565 (5th Cir. 2005) (citing *Chandris*, 515 U.S. at 371); *see also Daniels v. Fla. Power & Light Co.*, 317 F.2d 41, 43 (5th Cir. 1963) ("The idea of seaworthiness and the doctrine of implied warranty of seaworthiness arises out of the vessel, and the critical consideration in applying the doctrine is that the person sought to be held legally liable must be in the relationship of an owner or operator of a vessel."); *Woods v. Seadrill Americas, Inc.*, No. CV 16-15405, 2017 WL 4269553, at *2 (E.D. La. Sept. 26, 2017) (granting summary judgment in favor of an employer on an unseaworthiness claim because the employer did not own the vessel); *Fluker v. Manson Gulf, LLC*, 193 F. Supp. 3d 668, 676 (E.D. La. 2016) (same).

Moreover, "unseaworthiness requires the existence of a vessel."[47] "Fixed off-shore platforms are not vessels."[48] Because there is no genuine issue of material fact that the platform on which Plaintiff was allegedly injured was not a vessel[49] and that it was not owned by the McMoRan Defendants, the McMoRan Defendants are entitled to judgment as a matter of law on Plaintiff's unseaworthiness claim against them.

## CONCLUSION

**IT IS ORDERED** that the Motion for Summary Judgment, filed by Defendants Freeport-McMoRan Exploration & Production LLC, McMoRan Exploration Company, and McMoRan Exploration LLC on November 13, 2018, be and hereby is **GRANTED**.[50]

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment, filed by Defendants Freeport-McMoRan Exploration & Production LLC, McMoRan Exploration Company, and McMoRan Exploration LLC on August 1, 2018, be and hereby is **DENIED AS MOOT**.[51]

**IT IS FURTHER ORDERED** that the Motion for Entry of Judgment on the Motion for Summary Judgment, filed by Defendants Freeport-McMoRan Exploration & Production LLC, McMoRan Exploration Company, and McMoRan Exploration LLC, be and hereby is **DENIED AS MOOT**.[52]

**IT IS FURTHER ORDERED** that the Motion to Expedite the Motion for Entry of Judgment, filed by Defendants Freeport-McMoRan Exploration & Production LLC,

---

[47] *Daniel v. Ergon, Inc.*, 892 F.2d 403, 409 n. 10 (5th Cir. 1990) (citing *Miles v. Melrose*, 882 F.2d 976 (5th Cir. 1989)); *see also Ross v. W&T Offshore, Inc.*, No. CV 17-8689, 2018 WL 6492762, at *7 (E.D. La. Dec. 10, 2018).

[48] *Nolan v. Coating Specialists, Inc.*, 422 F.2d 377, 379 (5th Cir. 1970); *see also Ross*, 2018 WL 6492762, at *7 ("The Fifth Circuit has found that fixed platforms are not vessels for the purposes of Jones Act or unseaworthiness claims.") (citations omitted).

[49] R. Doc. 90 at 5–6.

[50] R. Doc. 63.

[51] R. Doc. 33.

[52] R. Doc. 81.

McMoRan Exploration Company, and McMoRan Exploration LLC, be and hereby is

**DENIED AS MOOT**.[53]

New Orleans, Louisiana, this 24th day of January, 2019.

_____

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[53] R. Doc. 82.